**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 20 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JOHN M. HEINEKE,

Plaintiff-Appellant,

v.

SANTA CLARA UNIVERSITY; JANE
DOE,

Defendants-Appellees.

No.   18-16348

D.C. No. 5:17-cv-05285-LHK

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Lucy H. Koh, District Judge, Presiding

Argued and Submitted February 7, 2020
San Francisco, California

Before:  PAEZ and BEA, Circuit Judges, and ADELMAN,[**] District Judge.

Plaintiff John Heineke ("Heineke") sued his former employer, Santa Clara

University, and former student, Jane Doe, alleging violations of the Fourteenth

Amendment, wrongful discharge, intentional and negligent infliction of emotional

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Lynn S. Adelman, United States District Judge for the Eastern District of Wisconsin, sitting by designation.

distress, breach of contract, breach of the covenant of good faith and fair dealing, and defamation. On appeal, Heineke challenges the district court's order dismissing his constitutional claims, declining to exercise supplemental jurisdiction over his remaining state law claims, and denying leave to amend to add a claim under the Age Discrimination in Employment Act ("ADEA"). He also challenges the denial of his motion for a mandatory injunction.

We review for abuse of discretion the decision not to exercise supplemental jurisdiction over the remaining state law claims, *see Brown v. Lucky Stores, Inc.*, 246 F.3d 1182, 1187 (9th Cir. 2001), denial of leave to amend, *see Garmon v. Cty. of Los Angeles*, 828 F.3d 837, 842 (9th Cir. 2016), and denial of a preliminary injunction, *see All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 1292(a)(1). We affirm in part and reverse in part. We address the federal constitutional claims in a contemporaneously filed opinion.

**1.** The district court did not abuse its discretion in declining to exercise supplemental jurisdiction after dismissing all claims over which it had original jurisdiction. 28 U.S.C. § 1367(c)(3). For the reasons articulated in our contemporaneously filed opinion, Heineke's Fourteenth Amendment claims fail for lack of state action. Heineke pleaded no other federal claims. Accordingly, it was

well within the district court's discretion to decline to exercise jurisdiction over the remaining state law claims.

**2.** While the district court properly concluded that Heineke failed to allege an ADEA claim, it abused its discretion in denying him leave to amend to add such a claim. The Federal Rules of Civil Procedure require that leave to amend be "freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). "Generally, the harsh penalty of dismissal should only be imposed in extreme circumstances." *Tillman v. Tillman*, 825 F.3d 1069, 1074 (9th Cir. 2016) (internal quotation marks and citation omitted). "A district court abuses its discretion by denying leave to amend unless amendment would be futile or the plaintiff has failed to cure the complaint's deficiencies despite repeated opportunities." *AE ex rel. Hernandez v. Cty. of Tulare*, 666 F.3d 631, 636 (9th Cir. 2012).

Here, in dismissing Heineke's original complaint, the district court properly explained that Heineke must plead all four elements of a prima facie case of age discrimination, a deficiency Heineke remedied in his amended complaint. As to Heineke's failure to plead a distinct cause of action under the ADEA, however, the court's guidance was "bare-bones," "made no reference to Rule 8(a) or Rule 10(b)" of the Federal Rules of Civil Procedure, "did not specify what it required in the pleading," and did not specifically warn Heineke that failure to plead the ADEA claim as a separate cause of action would result in dismissal with prejudice.

3

*Bautista v. Los Angeles Cty.*, 216 F.3d 837, 841 (9th Cir. 2000). In elevating form over substance, the court abused its discretion. Accordingly, we reverse the denial of leave to amend. On remand, if Heineke successfully pleads an ADEA claim as a distinct cause of action, the district court may reconsider whether to exercise supplemental jurisdiction over the state law claims.

**3.** Where a suit is dismissed on the merits, a plaintiff has necessarily failed to establish the likelihood of success on the merits required to grant a preliminary injunction, much less a mandatory injunction. *Teamsters Joint Council No. 42 v. Internat'l Broth. of Teamsters, AFL-CIO*, 82 F.3d 303, 307 (9th Cir. 1996). Because the district court correctly dismissed Heineke's claims, we affirm the denial of his motion for a mandatory injunction.

**AFFIRMED in part, REVERSED in part, and REMANDED with instructions to allow leave to amend.** The parties shall bear their own costs on appeal.